```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
UNITED STATES OF AMERICA,                                      :
                                                               :   ORDER DENYING
        -against-                                              :   PETITION FOR WRIT OF
                                                               :   ERROR CORAM NOBIS
RICHARD GONZALEZ,                                              :
                                                               :   02 Cr. 1474 (AKH)
                                Defendant.                     :
                                                               :
-------------------------------------------------------------- X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Petitioner, Richard Gonzalez, pleaded guilty October 29, 2003 to conspiracy to distribute heroin, and was sentenced on February 27, 2004 to a term of 121 months, followed by supervised release of five years. He completed his term of custody August 2012. On January 20, 2021, by mail received in Chambers, he moves to vacate and expunge the judgment of conviction, styling his motion as a Petition for a Writ of Error Coram Nobis. He gives, as basis of his motion, "recent discovery of crucial evidence" that the government had a duty to disclose to him pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). The evidence of which he complains relates to proffers allegedly made to the government by a co-defendant, Patrick Darge, who was cooperating with the Government and an important potential witness against Gonzalez. Gonzalez claims that Darge was not "completely forthright" as to his "past proclivities" and that, if the Government had disclosed the proffered information to Petitioner, Petitioner "would surely have exercised his 6th Amendment right to trial," rather than plead guilty. Def. Mot. 6-7, ECF No. 54. Gonzalez argues that had he been told what the government knew about Patrick Darge, Gonzalez would not have pleaded guilty because he would have believed that he could impeach Darge's testimony and win a trial.

Gonzalez's motion is denied.  He fails to show that he made his motion within a reasonable time following his discovery of the evidence, R. 60(c), Fed. R. Civ. P.; he fails to identify any evidence that could qualify as *Brady* evidence; and he fails to come to grips with the fact that he pleaded guilty because he really was guilty of the crime changed against him, as he stated and made clear in his allocution.  ECF No. 39.  There also is no basis for a Writ of Error Coram Nobis.  A petition for such is considered a petition for review pursuant to 28 U.S.C.A. § 2255, (a prisoner 'in custody' may at any time move the court which imposed the sentence to vacate it), and is not available to a petitioner who no longer is in custody.  *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994) (explaining that a petitioner must be in custody to seek relief under Section 2255); *c.f. Foont v. United States*, 93 F.3d 76, 80 (2d Cir. 1996) ("Claims of new evidence, however, without constitutional or jurisdictional error in the underlying proceeding, cannot support a coram nobis claim").

As another basis of his motion, Gonzalez argues that his attorney gave him constitutionally inadequate advice, in failing to advise him that he could appeal, even though he had waived appeal, and in other respects.  The arguments are frivolous, and this part of Gonzalez' motion also is denied.

Petitioner has failed to raise any substantial ground of constitutional error.  I decline to grant a certificate of appealability.  28 U.S.C. § 2253.  The Clerk shall terminate ECF No. 54.

SO ORDERED.

Dated: March 16, 2021     /s/ Alvin K. Hellerstein
New York, New York     ALVIN K. HELLERSTEIN
United States District Judge